F I L E D
United States Court of Appeals
Tenth Circuit

NOV 14 2000

PATRICK FISHER
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH HONDO SIEDLIK, SR.,

Defendant - Appellant.

No. 00-5025

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D. Ct. No. 99-CR-11-H)**

Cindy Hodges Cunningham, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, with her on the brief), Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

Susan K. Morgan, Assistant United States Attorney (Stephen C. Lewis, United States Attorney, with her on the brief), Office of the United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Before **TACHA**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

**TACHA**, Circuit Judge.

Defendant appeals the district court's denial of his motion to withdraw his plea of

guilty to two charges of interstate transportation of a minor with intent to engage in sexual activity. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Facts

The defendant, Joseph Hondo Siedlik, Sr., was a long-distance truck driver for a moving company. His employment included moving household goods from one location to another, occasionally across state lines. Usually he hired his oldest daughter to assist him in his work. The United States alleged that on three of these occasions, after crossing state lines, Mr. Siedlik forced his minor daughter to engage in sexual intercourse with him.

Mr. Siedlik was indicted on February 5, 1999, on three counts of violating 18 U.S.C. § 2423, which makes unlawful the interstate transportation of a minor with intent to engage in sexual activity. On June 18, 1999, Mr. Siedlik entered into a plea agreement with the United States. Mr. Siedlik agreed to plead guilty to two counts of the indictment and, in exchange, both parties would recommend to the court a sentence of 120 months on each count to be served concurrently.

The plea agreement included a detailed description by Mr. Siedlik of how he forced his oldest daughter to engage in sexual intercourse on two occasions after they had crossed state lines. At the time of the indictment, his oldest daughter was fifteen years old. Mr. Siedlik further stipulated in the plea agreement that there was a factual basis for his plea of guilty.

-2-

Mr. Siedlik also stipulated in the plea agreement that he was aware that the district court "has the final discretion to impose any sentence up to the statutory maximum." Plea Agreement at 9. Additionally, the plea agreement contained the following: "THE DEFENDANT FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENCING JUDGE. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE." Id. at 10 (emphasis in original). The plea agreement further stated that Mr. Siedlik could not withdraw his guilty plea simply because the sentencing court imposed "any sentence up to the maximum established by statute." Id. Mr. Siedlik was represented by counsel throughout plea negotiations and at the time this plea agreement was executed.

Mr. Siedlik appeared before the district court to change his plea to guilty on June 18, 1999. The court asked Mr. Siedlik if he understood that the Sentencing Guidelines applied to this matter and that the maximum sentence for each count was fifteen years imprisonment and/or a fine of $250,000. Mr. Siedlik answered in the affirmative. Mr. Siedlik also responded that his guilty plea was made freely and voluntarily; that he had not been forced, threatened or coerced to plead guilty; that he was fully satisfied with his legal representation; and that he was mentally competent. Both Mr. Siedlik and his attorney stated that they were fully familiar with all of the terms and conditions of the

plea agreement. Mr. Siedlik then pled guilty to two counts of interstate transportation of a minor with intent to engage in sexual activity. Following his plea, Mr. Siedlik testified in detail that he had forced his minor daughter to engage in sexual intercourse as stated in the two counts of the indictment. The district court held that there was a factual basis for Mr. Siedlik's plea and that it was made voluntarily with a full understanding of the charges and with the knowledge of the plea's consequences. The court then accepted Mr. Siedlik's guilty plea.

At a sentencing hearing on November 4, 1999, the court explained that it interpreted the plea agreement to mean that the court had complete discretion to impose any sentence up to the statutory maximum if it accepted the plea agreement. The court then advised both parties that they had not submitted the sentencing recommendation required by the plea agreement. Consequently, the court declined to proceed with sentencing at that time. After the parties promised to file a joint motion to request the sentence recommended in the plea agreement, the following exchange occurred between the court and defense counsel:

> THE COURT: Well, I've accepted the plea agreement. All that's required here for performance is that you ask for an agreed-upon sentence, which by the terms of the agreement, I can accept or reject at my sole discretion.

> MS. CUNNINGHAM: That's correct, Your Honor.

> THE COURT: If I reject it at my sole discretion, it doesn't mean that you haven't entered a plea of guilty.

MS. CUNNINGHAM: No, you're right, Your Honor.

THE COURT: It doesn't obviate the terms of the plea agreement. It just merely means that they've asked, you all have asked and the Court has rejected and then everybody has fulfilled the plea agreement and we proceed on to sentencing, right?

MS. CUNNINGHAM: Right, so what I'm asking –

THE COURT: It's not a condition of the plea.

MS. CUNNINGHAM: No, Your Honor.

Tr. Nov. 4, 1999, Hr'g at 7. The court then asked the parties for arguments as to whether the court could impose consecutive ten year sentences for each of the two counts within the Sentencing Guidelines and the statutory maximum sentence.

The parties filed a joint motion with the district court on November 9, 1999. In this motion, the parties "respectfully request[ed] the Court to impose the sentence set forth in the plea agreement presented to this Court by the parties." J. Mot. at 1. The joint motion further stated that "[t]he parties realize that the Plea Agreement is not binding upon this Court. However, the parties would respectfully request this Court impose a sentence of ten years on both counts to run concurrently." Id. ¶ 4. The joint motion was signed by both the Assistant U.S. Attorney and defense counsel.

On January 12, 2000, defense counsel filed a motion to withdraw as counsel, stating that Mr. Siedlik was not satisfied with her and that he wanted to withdraw his plea. In this motion, defense counsel stated that she would postpone filing the motion to withdraw the guilty plea until the district court had decided the motion to withdraw as

-5-

counsel.

At the sentencing hearing on January 14, 2000, the district court rejected defense counsel's motion to withdraw as counsel. The court also refused to permit Mr. Siedlik to withdraw his plea. Applying the seven factors adopted in this circuit, the district court held that all of the factors weighed against permitting the plea to be withdrawn. When the court asked about the basis for Mr. Siedlik's request to withdraw his plea, the following exchange took place between the court and defense counsel:

> MS. CUNNINGHAM: Your Honor, he seeks to withdraw his plea under Rule 11 in that the Court did not accept the plea agreement which was presented to the Court.

> THE COURT: Right. But the plea agreement expressly contemplated only that there would be a request; right?

> MS. CUNNINGHAM: That's correct, Your Honor.

> THE COURT: And it was not predicated – we had some rather lengthy discussions on that point as to whether or not the entry of the plea itself was predicated upon the Court accepting that plea and that sentence; right?

> MS. CUNNINGHAM: That's correct, Your Honor, we did. And it was followed up by a joint motion that [the Assistant U.S. Attorney] and I both signed requesting the Court to accept our plea agreement and briefly setting out the basis for that.

> THE COURT: Right. And basically to accept the sentence; right?

> MS. CUNNINGHAM: Yes, sir.

> THE COURT: And does not the plea agreement specify if the sentencing court should impose any sentence up to the maximum established by statute, the defendant cannot for that reason alone withdraw

his guilty plea but will be bound to fulfill all of his obligations under this agreement?

MS. CUNNINGHAM: That's correct, Your Honor, that's the standard language.

THE COURT: And did he not state under oath to this Court that he was fully familiar with all of the terms and conditions of this plea agreement?

MS. CUNNINGHAM: Yes, sir, he did.

THE COURT: And did you not review with him all of the terms and conditions of that plea agreement including that provision?

MS. CUNNINGHAM: Yes, sir, I did.

THE COURT: So the stated reason is simply inconsistent with the plea agreement and the express representations that he made under oath to this Court.

MS. CUNNINGHAM: Yes, sir.

Tr. of Jan. 14, 2000, Hr'g at 7-8.

The court sentenced Mr. Siedlik to 120 months on each count to be served consecutively and to three years supervised release. In addition, the court fined him $2,500 and recommended to the Bureau of Prisons that Mr. Siedlik be designated to a facility that provides intensive treatment for sex offenders.

## II. Discussion

We review the district court's denial of the motion to withdraw the guilty plea for an abuse of discretion. United States v. Black, 201 F.3d 1296, 1300 (10th Cir. 2000). Defendants do not have an absolute right to withdraw a guilty plea. United States v.

Rhodes, 913 F.2d 839, 845 (10th Cir. 1990). Under Fed. R. Crim. P. 32(e), "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The burden is on the defendant to establish a "'fair and just reason'" for the withdrawal of the plea. Black, 201 F.3d at 1299 (quoting United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993)).

Mr. Siedlik correctly notes that motions to withdraw a plea "should be viewed with favor" and that a "defendant should be given a great deal of latitude." Rhodes, 913 F.2d at 845. This does not mean, however, that such motions are automatically granted. As this court has previously stated:

> Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, still the decision thereon is within the sound discretion of the trial court. Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.

United States v. Hickok, 907 F.2d 983, 986 (10th Cir. 1990) (quoting Barker v. United States, 579 F.2d 1219, 1223 (10th Cir. 1978)) (citations omitted). Thus, "we will not reverse absent a showing that the trial court acted 'unjustly or unfairly.'" United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999).

Mr. Siedlik argues that the district court erred in denying his motion to withdraw his guilty plea because the court did not accept the plea agreement. We agree with the district court that this argument "is simply inconsistent both with the plea agreement and

with the express representations that [Mr. Siedlik] made under oath." Tr. Jan. 14, 2000,

Hr'g at 8. The plea agreement expressly contemplates that the parties would make a

sentencing <u>recommendation</u> to the court. It also expressly acknowledges that the

sentencing court retains complete discretion in sentencing. The plea agreement requires

only that the sentence be within the range recommended by the Sentencing Guidelines.

Under Fed. R. Crim. P. 11(e)(1)(B), "any such recommendation or request is not binding

on the court."[1] <u>See also</u> <u>United States v. Veri</u>, 108 F.3d 1311, 1314 (10th Cir. 1997)

(noting that a plea agreement under Rule 11(e)(1)(B) is "a recommendation only and not

binding on the court").

---

[1]It should be noted that the plea agreement states that the sentencing request was made pursuant to Fed. R. Crim. P. 11(e)(1)(C) which makes a plea agreement binding on the court once the court accepts it. A sentencing recommendation, however, falls under Fed. R. Crim. P. 11(e)(1)(B). While the plea agreement is inconsistent on its face, there is ample evidence in both the plea agreement and the record to resolve any ambiguity. Notwithstanding the single reference to Rule 11(e)(1)(C), it is clear from the language throughout the plea agreement and the parties' statements at the change-of-plea hearing that the parties would <u>recommend</u> a sentence to the court and that the sentencing court retained complete discretion in sentencing. In their joint motion, the parties <u>requested</u> the court to accept their sentencing recommendation. Furthermore, it is clear from the exchanges between the district court and defense counsel at both the Nov. 4, 1999, and Jan. 14, 2000, sentencing hearings that the court was to have discretion to impose sentence under the plea agreement. The language of the plea agreement, defense counsel's statements at the change-of-plea hearing, the joint motion, and defense counsel's statements at the sentencing hearings are simply inconsistent with Rule 11(e)(1)(C). "[I]f the agreement does not fall under Rule 11(e)(1)(C), then it can only be under Rule 11(e)(1)(B)." <u>United States v. Veri</u>, 108 F.3d 1311, 1314 (10th Cir. 1997). We hold, therefore, that this agreement was executed pursuant to Rule 11(e)(1)(B), not Rule 11(e)(1)(C). Consequently, the sentencing recommendation was not binding on the district court.

The district court, after hearing the parties' sentencing recommendation, sentenced Mr. Siedlik within the range recommended by the Sentencing Guidelines. Under the plea agreement, that is all that is required. Mr. Siedlik's argument that the district court did not accept the plea agreement is, therefore, without merit. We find that the district court accepted and complied with the parties' plea agreement. Furthermore, in the plea agreement, Mr. Siedlik agreed not to withdraw his plea if the sentencing court imposed any sentence up to the maximum established by statute. The district court's sentence did not exceed the statutory maximum. Consequently, Mr. Siedlik does not state a "fair and just reason" for withdrawal on this ground.

Additionally, this circuit looks to seven factors in deciding whether a defendant has met the burden of showing that the district court, in denying a motion to withdraw a plea, acted unjustly or unfairly: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources. Black, 201 F.3d at 1299-1300; Kramer, 168 F.3d at 1202.

We agree with the district court that these factors decisively weigh against granting Mr. Siedlik's motion to withdraw his guilty plea. First, Mr. Siedlik has not asserted his innocence. To the contrary, he specifically stated that he was guilty and provided detailed

accounts of his crimes both in the plea agreement and at the change-of-plea hearing.

Second, withdrawal likely would prejudice the government by forcing it to undergo much of the same process it already has completed. Third, Mr. Siedlik did not file a motion with the district court to withdraw his plea. The first mention of Mr. Siedlik's desire to withdraw his plea that we can discern from the record occurred in defense counsel's motion to withdraw as counsel. This motion was filed only two days before the sentencing hearing and nearly seven months after Mr. Siedlik pled guilty.[2] See Kramer, 168 F.3d at 1202 (reasoning that delay in filing a motion to withdraw a guilty plea weighed against the defendant where defendant filed motion one day before sentencing and nearly three months after he pled guilty). The reason for this delay is not clear from either the briefs or the record, but we cannot conclude that the district court was incorrect when it suspected that "any concerns [Mr. Siedlik] may have with . . . his entry of plea in this case may be more related to change of heart in light of developments of the sentence rather than for any substantive reason that is cognizable at law."[3] Tr. of Jan. 14, 2000, Hr'g at 3. Fourth, the court would be substantially inconvenienced by multiplying

[2]In this motion, defense counsel stated that she was postponing the filing of Mr. Siedlik's motion to withdraw his plea until the district court ruled on her motion to withdraw as counsel. Nevertheless, we can discern from the record no mention of Mr. Siedlik's intention to withdraw his plea before this time.

[3]This seems plausible given the district court's request at the Nov. 4, 1999, hearing that the parties submit arguments regarding whether the court could impose ten year sentences for each offense to be served consecutively, rather than concurrently as requested in the joint motion.

proceedings after a knowing and voluntary plea of guilty has been entered. Fifth, throughout the plea negotiations, Mr. Siedlik was assisted by counsel whom the district court characterized as "skilled and respected." Id. at 9. Mr. Siedlik also testified that he was fully satisfied with his legal representation. Sixth, the district court, after thoroughly questioning Mr. Siedlik, held at the change-of-plea hearing his plea was entered knowingly and voluntarily. There is ample evidence in the record to support that holding. Seventh, withdrawal of the guilty plea would inevitably lead to the expenditure of additional judicial resources. We agree with the district court that "[w]hen you unnecessarily multiply judicial proceedings to retrace matters that were inquired into exhaustively, that is certainly within the ambit of the waste of judicial resources." Tr. Jan. 14, 2000, Hr'g at 6-7. After analyzing these factors, we find that Mr. Siedlik has failed to show that the district court acted unjustly or unfairly. We find that the district court did not abuse its discretion in refusing to allow Mr. Siedlik to withdraw his plea.

### III.  Conclusion

We find that the district court accepted the plea agreement between Mr. Siedlik and the United States and complied with its express terms. We also find that Mr. Siedlik has failed to show that the district court acted unjustly or unfairly. Consequently, we hold that the district court did not abuse its discretion by refusing to allow Mr. Siedlik to withdraw his plea.

Accordingly, we AFFIRM the district court's denial of defendant's motion to

withdraw his guilty plea.