**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VINCENT FANNING,

    Defendant-Appellant.

No. 01-1120

No. 01-1142
(D.C. No. 97-CR-78-N)
(D.Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

    Defendant Vincent Fanning appeals from the district court's denial of his motion to withdraw his guilty plea.  We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Fanning was originally indicted by a federal grand jury in the District of Colorado on one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), sixty counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and seven counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. The indictment also contained two forfeiture counts under 18 U.S.C. § 982 and one forfeiture count under 18 U.S.C. § 853.

Fanning entered into a plea agreement whereby he agreed to plead guilty to one count of conspiracy with intent to distribute cocaine and cocaine base and one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. Fanning also agreed to debrief agents and testify in any proceeding if necessary. The government agreed to dismiss the remaining counts in the indictment. The government also agreed to file a §5K1.1 motion to reduce Fanning's sentence to a range of 120 to 150 months and to recommend that the court sentence Fanning to 120 months. As part of the factual basis of sentencing, the parties stipulated there was no provable conduct that Fanning had possessed a firearm in connection with the offenses and that the base level of the offense was predicated on 50 to 150 grams of cocaine. Sentencing was postponed pending the issuance of indictments in connection with information provided by Fanning.

Prior to sentencing, Fanning filed a motion to withdraw his plea, arguing his plea was not knowingly and voluntarily made. He further argued that the government had

2

breached the plea agreement by providing information indicating Fanning had in fact possessed a firearm in connection with the offenses to the investigator compiling the presentence report, and that the amount of drugs possessed was greater than stipulated. The district court denied the motion to withdraw the plea, and ultimately sentenced Fanning to 120 months in accordance with the plea agreement.

We review the district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. U.S. v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000). We will not reverse absent a showing that the district court acted unjustly or unfairly. Id.

Fanning first contends the district court erred in finding that his plea was made knowingly and voluntarily. He argues that, at the time he entered his plea, he was under the influence of alcohol and marijuana, was coerced by his attorney into entering the plea, and did not realize he was pleading guilty to conspiracy with intent to distribute cocaine base. In its oral rulings, the district court addressed each of the factors set forth in United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999), in determining whether Fanning had shown a fair and just reason to be permitted to withdraw his plea pursuant to Federal Rule of Criminal Procedure 32(e). The government has quoted from the court's rulings in its appellate brief. See Br. at 10-14. We have carefully examined the entire record in conjunction with Fanning's arguments, and conclude that the district court did not err in finding his plea was knowing and voluntary.

Fanning also contends he should have been allowed to withdraw his guilty plea

because the government breached the terms of the plea by providing information indicating Fanning had in fact possessed a firearm in connection with the offenses to the investigator preparing the presentence report, and that the amount of drugs possessed was greater than stipulated. Fanning argues this information exposed him to a greater range of punishment than that agreed to in the plea agreement. We need not determine whether the government's conduct violated the plea agreement. The district court ultimately accepted the plea agreement and sentenced Fanning to the recommended 120 months. As a result, any alleged improper conduct by the government had no effect on Fanning's sentence and provided no basis for the withdrawal of his guilty plea.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge