**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAUL SOLIS-MUELA,

      Defendant-Appellant.

No. 01-8033
(D.C. No. 00-CR-114-01-D)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **EBEL, KELLY** and **LUCERO**, Circuit Judges.

Defendant-Appellant, Raul Solis-Muela, was indicted on July 20, 2000 for being a previously deported illegal alien who was found in the United States without first having obtained the consent of the Attorney General to apply for re-admission in violation of 8 U.S.C. § 1326 (a)(2) and (b)(1). Solis-Muela entered into a plea agreement with the government, and on October 30, 2000, he entered a

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty plea pursuant to the terms of that agreement.  In March 2001, he filed a motion to withdraw his guilty plea so that he could pursue an application for permanent legal resident status under 8 U.S.C. § 1255(i) and the 2000 Life Act Amendments.  The court denied that motion, and gave Solis-Muela an enhanced sentence based on his prior aggravated felonies, which were not a part of his indictment.[1]

On appeal, Solis-Muela challenges the district court's denial of his motion to withdraw his guilty plea and claims that the failure to include his prior aggravated felonies in his indictment runs afoul of Apprendi v. New Jersey, 530 U.S. 466 (2000).  We reject these claims and affirm the district court's decision.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000). The burden is on the defendant to show a "fair and just reason" for the withdrawal of his guilty plea.  United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000).  In this case, Solis-Muela does not assert that his guilty plea was unknowing or involuntary, nor did he assert his actual innocence in his motion to

---

[1] Solis-Muela was convicted of unlawfully disposing of stolen property in 1986, and deported from the United States shortly after serving his sentence.  In June, 1999, he was arrested for being found in the United States after previously being deported in violation of 8 U.S.C. § 1326, convicted of that offense, and deported again in April, 2000.

withdraw his plea.[2]  Instead, he urged the court to allow the withdrawal of his guilty plea because he believed that he was eligible for an adjustment of status to that of a permanent legal resident pursuant to 8 U.S.C. § 1255 (i) and Pub. L. No. 106-554, §§ 1502-04, 114 Stat. 2763, 2763A-324 (Dec. 21, 2000) ("Life Act Amendments").  The Life Act Amendments extended the time during which an alien physically but unlawfully present in the United States could seek an adjustment of status, pushing back the application deadline from January 14, 1998 until April 30, 2001.  This Amendment, however, did not become effective until December 21, 2000, and it did not contain any retroactive provisions.  Thus, at the time Solis-Muela entered his guilty plea, the deadline had not been extended and he could not have made an application to have his status adjusted under 8 U.S.C. § 1255(i).

In addition to the fact that the Amendment had not yet been enacted at the time of Solis-Muela's guilty plea, it is unlikely that he would have been eligible for a status adjustment even if he had made a timely application.  In order to receive the discretionary status adjustment under § 1255(i), an alien must be

---

[2] These are some of the factors that a district court should consider in determining whether to grant a motion to withdraw.  See United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999). The others are: (1) whether the government will be prejudiced if the motion is granted; (2) whether the defendant has delayed in filing the motion; (3) inconvenience to the court if the motion is granted; (4) the quality of the defendant's assistance of counsel; and (5) whether the granting of the motion would cause a waste of judicial resources.  Id.

"eligible to receive an immigrant visa and [be] <u>admissible</u> to the United States for permanent residence." § 1255(i)(2)(A) (emphasis added). An alien who has been ordered removed from the United States, as Solis-Muela has, makes an alien inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii). Therefore, as the district court found, his chances of receiving a status adjustment, even with a timely application, were dim at best.

Because Solis-Muela has not shown that the district court unfairly or unjustly denied his motion to withdraw his guilty plea, we find no abuse of discretion by the court in doing so.

We review de novo Solis-Muela's second claim, that his enhanced sentence ran afoul of <u>Apprendi</u> because the indictment did not include his prior aggravated felony. We find this claim foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and Tenth Circuit precedent. In <u>Almendarez-Torres</u>, a factually similar case dealing with a conviction under §1326 where the indictment did not state a prior aggravated felony, the Court held that prior felony convictions were sentence enhancements, not elements of an offense. <u>Id.</u> at 235. Further, the Court in <u>Apprendi</u> specifically carved out an exception for prior felony convictions from its general rule that any elements of a crime must be charged and proven beyond a reasonable doubt. 530 U.S. at 590 ("[O]ther than <u>the fact of a prior conviction</u>, any fact that increases the penalty for a crime

- 4 -

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  This court has previously recognized the authority of these two opinions with respect to enhanced sentences resulting from prior felony convictions.  See United States v. Dorris, 236 F.3d 582, 587-88 (10th Cir. 2000).  Thus, we find Solis-Muela's argument regarding his enhanced sentence unavailing and conclude that his sentence was not unlawfully enhanced.

For the aforementioned reasons, we AFFIRM the decision of the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge