**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAXIMILIANO RODRIGUEZ-
LOPEZ,

    Defendant - Appellant.

No. 02-3129
D.C. No. 01-CR-10130-01 WEB
(D. Kansas.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Maximiliano Rodriguez-Lopez, an alien deported after being convicted of

an aggravated felony, pled guilty to a charge of being found in the United States

in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced by the district

court to forty-one months' imprisonment and three years of supervised release,

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

and appeals his sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

On appeal, counsel for Rodriguez-Lopez filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to those portions of the record that arguably support the appeal). In the Anders brief, counsel stated that he could find no error in the district court's imposition of the forty-one-month sentence, but reported that Rodriguez-Lopez considered the sentence too harsh. Rodriguez-Lopez was afforded an opportunity to respond to the Anders brief, but declined to do so.

We have fully examined the proceedings as required by Anders, id., and conclude that the appeal is wholly frivolous. The district court properly calculated the offense level and criminal history category. Although the United States had recommended a sentence at the low end of the applicable guideline range, the district court rejected this recommendation and imposed a sentence at the top of the range, taking into consideration Rodriguez-Lopez's extensive prior criminal history. We have held that a district court can impose any sentence within the applicable guideline range without entitling the defendant to withdraw the guilty plea. United States v. Siedlik, 231 F.3d 744, 749 (10th Cir. 2000).

"We are unwilling to scrutinize sentencing justifications offered by a district court when the sentence is within an admittedly appropriate range unless those justifications implicate 18 U.S.C. § 3742(a)(1) or (2)." United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir. 1990). In this case, the district court's sentence was neither contrary to law nor an incorrect application of the sentencing guidelines. Thus, 18 U.S.C. § 3742(a)(1) and (2) are not implicated.

We see no issues in this case that might properly be the subject of an appeal. Accordingly, counsel's motion to withdraw is **GRANTED**, and Rodriguez-Lopez's conviction is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge