FILED
United States Court of Appeals
Tenth Circuit

November 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. MOEHRING,

　　　　Petitioner - Appellant,

　　v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility; JOHN
SUTHERS, Attorney General of the
State of Colorado,

　　　　Respondents - Appellees.

No. 11-1388

(D. Colorado)

(D.C. No. 1:10-CV-02023-MSK)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

　　　　Applicant Michael Moehring, a prisoner of the State of Colorado, applied

for relief under 28 U.S.C. § 2254 in the United States District Court for the

District of Colorado. The district court dismissed two of Applicant's claims as

procedurally barred and denied his third claim on the merits. Applicant seeks a

certificate of appealability (COA) from this court on all three claims. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under

§ 2254). We deny his request for a COA and dismiss the appeal.

## I. BACKGROUND

The Colorado Court of Appeals described the basis of the criminal charges as follows:

> [Applicant], his girlfriend, and another person entered a large discount store to return stolen merchandise. While there, [Applicant]'s girlfriend stole an unattended purse from a shopping cart. Store security became involved and apprehended the third person. When the store manager went outside to stop [Applicant] and his girlfriend, [Applicant] pulled out a gun and shot him twice in the abdomen causing serious bodily injury. The crime occurred while [Applicant] was on probation for two felonies and a deferred sentence for a third felony.

Order Affirmed, *People v. Moehring*, No. 06CA2058, at 1 (Colo. App. Dec. 27, 2007) (unpublished) (R., Vol. 1 pt. 1 at 135). Applicant pleaded guilty to attempted first-degree murder and a crime-of-violence sentencing enhancement. Shortly before the scheduled date for his sentencing, however, he filed a pro se motion to withdraw his guilty plea and for appointment of new defense counsel. The motion alleged that his guilty plea was coerced and that he needed new counsel because his counsel, Cynthia McKedy, was ineffective and had incorrectly advised him of the risks of going to trial. The court appointed Philip Dubois to represent Applicant, and Mr. Dubois filed a second motion to withdraw the plea. The motion argued that Applicant did not knowingly, voluntarily, and intelligently enter into the plea agreement because he had not been given an opportunity before his plea to review surveillance video, which, contrary to what he had been told, did not clearly show his face.

After hearing testimony from Applicant, Ms. McKedy, and Rosalie Roy (Applicant's counsel before Ms. McKedy), the trial court denied Applicant's motion to withdraw his plea. It then sentenced him to 38 years in prison. The court later ordered that Applicant pay nearly $800,000 in restitution. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied Applicant's petition for a writ of certiorari.

Almost a year later, Applicant filed a postconviction motion in state court. The court denied the motion on the ground that all issues raised had been fully and finally resolved on direct appeal. The state court of appeals affirmed.

Applicant then filed his § 2254 application in federal district court. His amended application raised three claims: (1) that his counsel rendered ineffective assistance by telling him that his identity was not in question and refusing to show him the surveillance video of the crime scene; (2) that the trial court abused its discretion in denying his motion to withdraw his guilty plea; and (3) that the trial court abused its discretion and violated the Double Jeopardy Clause by allegedly increasing the award of restitution from $372.50 to almost $800,000. The district court dismissed the second and third claims as procedurally barred for failure to exhaust state remedies, and later denied the first claim on the merits.

## II.  DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

-3-

§ 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. § 2254(d)(1) and (2)). Further, our concern is only whether the state court's result, not its rationale, is clearly contrary to or

-4-

unreasonable under federal law. *Id.* at 1176. For those parts of Applicant's claims that were adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## A. Ineffective Assistance of Counsel

Applicant argues that his trial counsel was ineffective because (1) she failed to show him the surveillance video of the crime scene and (2) she incorrectly advised him about the punishment he could face if he did not plead guilty. One challenging his conviction or sentence on the basis of ineffective assistance must establish (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Review of counsel's performance under the first part of this test is highly deferential. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Counsel's performance is deficient only if it falls "outside the wide range of professionally competent assistance." *Id.*

The Colorado Court of Appeals held that Applicant had failed to meet either prong of the *Strickland* test, and the federal district court concluded that the state court's decision was neither contrary to nor involved an unreasonable

application of federal law. The district court noted that the state trial court had believed Ms. McKedy's testimony contradicting Applicant's factual allegations regarding what she had and had not told him. In a § 2254 proceeding the federal courts must presume state-court fact findings to be correct unless the applicant rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Because the district court could properly find that Applicant's own testimony was not clear and convincing evidence, no reasonable jurist could debate the district court's ruling on this claim. *See Mitchell v. Gibson*, 262 F.3d 1036, 1059 (10th Cir. 2001); *Trice v. Ward*, 196 F.3d 1151, 1169–70 (10th Cir. 1999).

## B. Withdrawal of Guilty Plea

Applicant next argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. The district court dismissed this claim for failure to exhaust. We need not address exhaustion, however, because Applicant has not shown "that jurists of reason would find it debatable whether [his application] states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

Applicant argued in his § 2254 application that the trial court violated his federal right to due process because it refused to allow him to withdraw an invalid plea. He claims that his plea was invalid because of ineffective assistance of

counsel.  But we have already held that we must reject Applicant's ineffectiveness claim.

Applicant also argued that the trial court's denial of his motion to withdraw was erroneous because it did not weigh the seven factors set forth in *United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000), and based its decision on an unreasonable determination of the facts.  But Applicant cites no Supreme Court authority mandating the seven-factor test.  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003) ("Under the AEDPA, the only federal law we are to consider is clearly established federal law as determined by decisions, not dicta, of the Supreme Court, as opposed to decisions of lower federal courts.").  And Applicant has not presented clear and convincing evidence that the factual basis for the trial court's decision was wrong.  Hence, no reasonable jurist could debate dismissal of this claim.

## C.    Double-Jeopardy Challenge

Finally, Applicant argues that the trial court violated the Double Jeopardy Clause because it ordered restitution of almost $800,000 after having already set restitution at $372.50.  But in district court Applicant explicitly conceded that he had not exhausted this claim.  Accordingly, he has waived this issue, and we will not consider it.  *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) ("If [a] theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it.").

## III.   CONCLUSION

We GRANT Applicant's motion to proceed *in forma pauperis*, DENY his application for a COA, and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge