FILED
United States Court of Appeals
Tenth Circuit

July 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CURTIS PITTER, a/k/a Peter, a/k/a
Michael Francois, a/k/a Michael Williams,
a/k/a Martin Trevor Mario, a/k/a Joseph
Stephenson Calvin Melrose, a/k/a Peter
Paterson, a/k/a Paule Blake, a/k/a
Stephenson Calvin Melrose Joseph,

    Defendant-Appellant.

No. 12-3009
(D.C. No. 2:09-CR-20133-JWL-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Curtis Pitter[1] appeals from the sentence he received after pleading guilty to seven counts that alleged his participation in a large scale drug trafficking and money laundering operation. Counsel for Pitter filed a motion to withdraw, accompanied by an Anders brief in which he asserts that no nonfrivolous grounds support an appeal. Pitter responded pro se, raising several arguments he contends have merit. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion and dismiss this appeal.

## I

Pitter and eighteen codefendants were charged in an eleven-count superseding indictment which alleged that they had distributed large quantities of marijuana and laundered the proceeds across several states. Pitter filed several motions to dismiss for lack of jurisdiction, which the district court denied. Ultimately, Pitter entered into a plea agreement in which he reserved the right to appeal issues he had previously raised.[2] The day after the trial began against him and his codefendants, Pitter pleaded guilty to seven counts involving possession and distribution of marijuana, money laundering, conspiracy, participation in a continuing criminal enterprise, and use of a communication facility in the commission of drug crimes.

Shortly after pleading guilty, however, Pitter changed his mind. He wrote to the

---

[1] Pitter has asserted that his real name is Michael Francois. In accordance with the district court's usage, however, we address him as Curtis Pitter.

[2] Pitter admitted in the plea agreement that the government could prove the factual basis for his guilty plea and he preserved only his right to appeal with regard to his jurisdictional arguments. ROA, Vol. 1 at 149. Accordingly, we express no view here as to the district court's rulings on motions to suppress that Pitter and his codefendants filed.

district court several days after his change-of-plea hearing, stating that he had pleaded guilty "under mental stress and coersion" [sic] and under pressure from his attorney, and that he "now deeply regret[ted] this un-wise decision." Id., Vol. 1 at 140. He subsequently filed a pro se motion to withdraw his plea. He asserted that he had been "under tremendous mental duress from [his] attorney" and "out of [his] mental state of mind." Id. at 167–68. He said he was actually innocent of the charges against him.

The district court appointed new counsel for Pitter and ordered an evaluation of his mental competency. Pitter was evaluated by an expert for the government as well as an expert of the defense's choosing. At a hearing on October 24, 2011, Pitter's expert testified that when Pitter pleaded guilty, he "had both mental deficiencies and a psychiatric illness variously diagnosed but probably within the realm of schizophrenia that adversely affected his ability to process information and come to an informed decision in terms what he should do at that point." Id., Vol. 2 at 114. The government's expert, on the other hand, testified that Pitter had overreported symptoms and underperformed on tests in a manner that demonstrated he was malingering. Id. at 47, 49.

The district court agreed with the government that Pitter was competent and denied his motion to withdraw the guilty plea. Although the government asked the court to impose a life sentence, it instead sentenced Pitter to 360 months' imprisonment.

**II**

At Pitter's request, counsel filed a notice of appeal. Because he could find no meritorious grounds for an appeal, however, counsel also filed a motion to withdraw. In

3

accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel submitted a brief explaining why any issues Pitter might raise on appeal would be wholly frivolous.[3]  Pitter filed several documents in response, arguing <u>inter alia</u> that the district court lacked subject matter jurisdiction over his case.  The government declined to file a response.  We have carefully reviewed the entire record, and we construe Pitter's pro se filings liberally.[4]  <u>Garza v. Davis</u>, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).  Nonetheless, we agree with counsel that there are no nonfrivolous grounds for appeal.

## A

In response to counsel's <u>Anders</u> brief, Pitter primarily argues that Congress lacked the constitutional authority to criminalize the conduct he was charged with and that the district court did not have jurisdiction to hear his case.  Although he presents these arguments at length and in a variety of forms, they may be dealt with summarily.

---

[3] Under <u>Anders</u>, "if counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel must accompany the request with "a brief referring to anything in the record that might arguably support the appeal."  <u>Id.</u>  The client may respond to counsel's brief.  <u>Id.</u>  We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."  <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005).  "If [we] conclude[] after such an examination that the appeal is frivolous, [we] may grant counsel's motion to withdraw and may dismiss the appeal."  <u>Id.</u>

[4] Pitter has submitted a "Motion to Amend Record on Appeal," a "Motion to Proceed Pro/Se," and a "Motion to Amend Appellant Response Brief to Anders Appellate Brief," as well as two briefs, "Appellant's Amended Brief" and "Appellant's Amended Response Brief To The Anders Brief."  We have also received a letter from Pitter dated February 2, 2012, forwarding a communication he sent his attorney.  We have considered these materials and we construe them collectively as Pitter's response to counsel's <u>Anders</u> brief.  The pending motions to file these documents are granted.

4

Article I, Section 8 of the U.S. Constitution grants Congress the power to regulate interstate commerce. U.S. Const. art. I, § 8. The statutes at issue in this case—which deal broadly with marijuana distribution, money laundering, and related offenses—clearly fall within that power. See, e.g., Gonzales v. Raich, 545 U.S. 1, 22 (2005) (holding that 21 U.S.C. § 841, criminalizing even intrastate manufacture and possession of marijuana was "well within [Congress's] authority to "make all Laws which shall be necessary and proper" to "regulate Commerce . . . among the several States." (quoting U.S. Const., art. I, § 8)); United States v. Price, 265 F.3d 1097, 1106–07 & n.2 (10th Cir. 2001) (reaffirming United States v. Wacker, 72 F.3d 1453, 1475 & n.18 (10th Cir. 1995), in which we rejected Commerce Clause and Tenth Amendment challenges to § 841 and noted that because that provision was constitutional, another provision criminalizing conspiracy to violate it was also constitutional); United States v. Owens, 159 F.3d 221, 226 (6th Cir. 1998) (upholding money laundering statute as proper exercise of the commerce power); United States v. Goodwin, 141 F.3d 394, 400 (2d Cir. 1997) (same).

Under 18 U.S.C. § 3231, district courts of the United States have original jurisdiction over offenses against the laws of the United States. Contrary to Pitter's claims, the United States District Court for the District of Kansas is one of the courts contemplated by § 3231. See 28 U.S.C. §§ 96 and 132. The other jurisdictional arguments Pitter has raised are plainly frivolous and merit no further discussion.

**B**

The submissions we have received from Pitter make only passing reference to the

district court's denial of his motion to withdraw his plea. Nonetheless, we have reviewed the record with care to assess counsel's assertion that no meritorious issue could be raised in this regard.

The district court concluded that Pitter had come to regret his decision and the lengthy sentence it entailed, and had feigned mental illness in an attempt to undo the plea. ROA, Vol. 2 at 144. In support of this conclusion, the district court pointed to the tests the government's expert had conducted, which revealed a deliberately poor effort on Pitter's part. Id. The court noted that conversations between Pitter and the government's expert indicated that Pitter understood relevant concepts like the role of a judge and the meaning of "guilty" to an extent that was inconsistent with his test results. Id. at 144–45. The court also observed that Pitter's articulate and detailed pro se filings and statements in court "belie[d] any notion that he didn't understand the process" and were "certainly inconsistent with his claim of lack of understanding and incompetence." Id. at 145.

The district court discounted the conclusions presented by Pitter's expert, who had relied on false representations made by Pitter. Contrary to Pitter's expert's impression, the district court pointed out that evidence showed Pitter had been married, provided for his children, obtained a GED, and in fact "operated a very successful, very sophisticated, multiple-state drug operation that involved obtaining mailboxes in Nevada under otherwise fairly innocent people's names, arranging false identifications for himself and others, arranging airplane transportation, and so forth." Id. at 146.

In light of its conclusion that Pitter knowingly and voluntarily pleaded guilty, the

6

district court ruled that Pitter had failed to demonstrate a "fair and just reason" for withdrawing his guilty plea under Federal Rule of Criminal Procedure 11(d).[5] Id. at 149–54. Based on our thorough review of the record, we agree with counsel that no meritorious grounds exist for challenging the district court's conclusions in this regard.

## III

We conclude that there are no nonfrivolous issues for appeal. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[5] Out of seven factors we consider in deciding whether a defendant should be allowed to withdraw a guilty plea, the district court noted that only one—"whether the defendant has delayed filing a motion"—favored Pitter. ROA, Vol. 2 at 153–54. The factors are:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.

United States v. Siedlik, 231 F.3d 744, 750 (10th Cir. 2000). Pitter did assert his innocence, but the district court concluded that the assertion was baseless, noting that "the evidence presented in the trial of [Pitter's] numerous codefendants overwhelmingly established his guilt." ROA, Vol. 2 at 152.