**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MELDON ALLEN,

     Defendant-Appellant.

No. 02-5139

(D.C. No. 01-CR-31-K)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **McCONNELL**, Circuit Judges.[**]

Defendant Meldon Allen appeals the district court's denial of his motion to

withdraw his guilty plea. Defendant pled guilty to several charges related to a conspiracy

to distribute illegal narcotics. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

I.

A 153-count indictment charged Defendant Meldon Allen and several co-defendants with various criminal acts related to an alleged conspiracy to transport, store and distribute cocaine, cocaine base and marijuana, and to launder the profits associated with the venture. Defendant's jury trial began on April 15, 2002. On the first day of trial, two Government witnesses, co-conspirator Gerald Herring and Drug Enforcement Administration Special Agent Darrell Smith, testified on direct examination. Following this testimony, which the parties agree was extremely damaging to Defendant's case, Defendant and his attorney met with the Government. Defendant agreed to plead guilty to specific charges in the indictment. The Government agreed to forego prosecution of the remaining charges. Defendant then indicated to the district court his intent to plead guilty. After questioning Defendant on the knowing and voluntary nature of his plea, the court dismissed the jury.

The following morning, Defendant pled guilty to three charges: Count 1, conspiracy to possess with intent to distribute cocaine in excess of five kilograms in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii),(iii); Count 12, maintaining a place where controlled substances are stored and controlled in violation of 21 U.S.C. § 856; and Count 152, investment of illegal drug profits in violation of 21 U.S.C. § 854. Defendant entered his guilty plea without the benefit of a plea agreement. But, by pleading guilty, Defendant avoided prosecution for offenses carrying a likely sentence of

life imprisonment.

The Presentence Investigative Report ("PSR") issued July 12, 2002 calculated a sentencing range of 235 to 293 months imprisonment based upon a total offense level 38 and a criminal history category I. On July 26, 2002, Defendant filed a motion to withdraw his guilty plea, asserting the plea was not intelligent and voluntary because it was made in haste during trial. The district court held a hearing on Defendant's motion. After hearing argument, the court denied the motion. Specifically, the district court analyzed each of the seven factors this Court identified in United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993), and concluded the factors weighed against allowing Defendant to withdraw his plea. The district court then sentenced Defendant to 252 months imprisonment.

## II.

We review for an abuse of discretion the district court's denial of Defendant's motion to withdraw his guilty plea. United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000). Prior to sentencing, the district court "may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e).[1] The burden is on the defendant to establish a "fair and just reason" for the withdrawal of the plea. Siedlik, 231 F.3d at 748 (citations omitted).

---

[1] Fed. R. Crim. P. 32(e) was in effect at the time Defendant filed his pre-sentence motion. Effective December 1, 2002, the plea withdrawal provision was moved to Fed. R. Crim. P. 11(d)(2)(B).

Although courts generally view with favor a defendant's motion to withdraw a plea, such motions are not automatically granted. United States v. Rhodes, 913 F.2d 839, 845 (10th Cir. 1990). As this Court previously stated:

> Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, still the decision thereon is within the sound discretion of the trial court. Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.

Siedlik, 231 F.3d at 748 (quoting United States v. Hickok, 907 F.2d 983, 986 (10th Cir. 1990)). Thus, "we will not reverse absent a showing that the trial court acted 'unjustly or unfairly.'" Id. (quoting United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999)).

This Court has identified seven factors the district court should consider in deciding whether to allow a defendant to withdraw a guilty plea: "(1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources." Gordon, 4 F.3d at 1572. The district court expressly considered each of these factors in denying Defendant's motion. After reviewing the record, we agree with the district court that these factors weigh against allowing Defendant to withdraw his guilty plea.

4

Although Defendant asserts his innocence, it is a selective assertion. As the district court noted, Defendant contradicts only certain elements of the Government's case, such as the amount of cocaine base attributable to his conspiracy. Defendant does not assert he did not participate in a conspiracy to possess and distribute illegal narcotics. In his plea agreement and plea allocution, Defendant stated facts sufficient to support his conviction on each charge. Defendant's failure to assert actual innocence weighs against granting his motion.

The district court determined the Government would be prejudiced by permitting Defendant to withdraw his plea. The court specifically found the Government had fully revealed its trial strategy, including the order or proof and the identification of exhibits, on the first day of trial. The prejudice to the Government weighs against granting Defendant's motion. Defendant also waited approximately three months to file a motion to withdraw his guilty plea. The district court found Defendant waited to withdraw his plea until he saw the PSR calculations of his likely sentence. The court found this timing extremely suspicious and concluded the delay weighed against granting the motion. We agree. The district court next found the court would be inconvenienced significantly if it permitted Defendant to withdraw his plea. When Defendant agreed to plead guilty, the court had already picked a jury and spent a day at trial. These steps would have to be repeated if the court granted Defendant's motion. This also weighs against granting Defendant's motion.

5

Significantly, the district court found Defendant's counsel provided excellent legal assistance. The Government attorney concurred in the court's assessment, as did Defendant. The high quality of legal assistance Defendant received in making his decision to plead guilty weighs against allowing Defendant to withdraw his plea. Equally significant, Defendant's decision to plead guilty was both knowing and voluntary. Before dismissing the jury, and again during Defendant's change of plea hearing, the district court questioned Defendant extensively on the knowing and voluntary nature of his plea. The transcripts from these colloquies provide ample evidence Defendant's plea was a knowing and voluntary decision. Thus, this factor also weighs against granting Defendant's motion. Finally, because the evidence establishes Defendant plea was knowing and voluntary and that he actually and admittedly committed the crimes to which he pled guilty, granting Defendant's motion would be a waste of judicial resources.

The purpose of allowing a defendant to withdraw a guilty plea is to correct a decision that was made in haste and without proper deliberation by a confused defendant. See United States v. Pluta, 144 F.3d 968, 973 (6th Cir. 1998). In this case, Defendant made a knowing and voluntary decision to plead guilty to three of the many charges for which he was indicted. Defendant was represented by competent counsel at the time he entered the plea and did not seek to withdraw his plea until probation issued a PSR establishing his likely sentence. The district court weighed the appropriate factors in considering Defendant's motion to withdraw his guilty plea and did not abuse its

6

discretion in denying the motion.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge