**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MELDON ALLEN,

    Defendant-Appellant.

No. 08-5039

(D.C. Nos. CV-03-473-K and
CR-01-31-K-3)
(N. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Meldon Allen, a federal prisoner appearing pro se, seeks a certificate of
appealability (COA) in order to challenge the district court's denial of his 28
U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Allen has
failed to satisfy the standards for the issuance of a COA, we deny his request and
dismiss the matter.

I.

In 2001, Allen and three co-defendants were charged in a 153-count
indictment with various crimes related to an alleged conspiracy to transport, store

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

and distribute cocaine, cocaine base and marijuana, and to launder the profits from those drug-trafficking activities. Allen proceeded to trial on April 15, 2002. On the first day of trial, the government presented testimony from one of Allen's coconspirators, as well as from a Drug Enforcement Administration special agent. Following this testimony, which Allen conceded was extremely damaging to his case, Allen and his counsel met with the government and Allen agreed to plead guilty, without benefit of a plea agreement, to three charges: Count 1, conspiracy to possess with intent to distribute cocaine in excess of five kilograms; Count 12, maintaining a place where controlled substances are stored and controlled; and Count 152, investment of illegal drug profits. The government agreed in return to forego prosecution of the remaining charges. Allen indicated to the district court his intent to plead guilty. The district court, after questioning Allen regarding the knowing and voluntary nature of his plea, accepted the plea and dismissed the jury. By pleading guilty, Allen avoided prosecution for offenses that carried a likely sentence of life imprisonment.

A presentence investigation report (PSR) was issued by the probation office on July 12, 2002. The PSR calculated a sentencing range of 235 to 293 months' imprisonment based upon a total offense level of 38 and a criminal history category of I. Two weeks thereafter, on July 26, 2002, Allen moved to withdraw his guilty plea, asserting the plea was made in haste during trial and therefore was not intelligent or voluntary. Following a hearing, the district court denied Allen's

motion. In doing so, the district court concluded that the seven factors outlined in United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993), weighed against allowing Allen to withdraw his plea. The district court then sentenced Allen to a term of imprisonment of 252 months.

Allen filed a direct appeal challenging the district court's denial of his motion to withdraw his plea. On May 20, 2003, this court issued an order and judgment affirming Allen's convictions. United States v. Allen, 65 F. App'x 695 (10th Cir. 2003). That order and judgment noted, in pertinent part:

> Although [Allen] asserts his innocence, it is a selective assertion. As the district court noted, [Allen] contradicts only certain elements of the Government's case, such as the amount of cocaine base attributable to his conspiracy. [Allen] does not assert he did not participate in a conspiracy to possess and distribute illegal narcotics. In his plea agreement, [Allen] stated facts sufficient to support his conviction on each charge. [Allen]'s failure to assert actual innocence weighs against granting his motion.
>
> * * *
>
> Significantly, the district court found [Allen]'s counsel provided excellent legal assistance. The Government attorney concurred in the court's assessment, as did [Allen]. The high quality of legal assistance [Allen] received in making his decision to plead guilty weighs against allowing [Allen] to withdraw his plea. Equally significant, [Allen]'s decision to plead guilty was both knowing and voluntary. Before dismissing the jury, and again during [Allen]'s change of plea hearing, the district court questioned [Allen] extensively on the knowing and voluntary nature of his plea. The transcripts from these colloquies provide ample evidence [Allen]'s plea was a knowing and voluntary decision.

Id. at 697-98.

3

On July 21, 2003, Allen, appearing pro se, filed a § 2255 motion asserting that (1) the district court and the government coerced him into pleading guilty to something he did not do and thereby violated Rule 11 of the Federal Rules of Criminal Procedure, (2) his trial counsel was ineffective for failing to object on the basis of this Rule 11 violation, (3) his appellate counsel was ineffective for failing to raise these issues on direct appeal, and (4) his trial counsel was ineffective for failing to object, at the time of sentencing, to the district court's drug quantity findings. On February 13, 2004, Allen "supplemented" his motion with three additional claims: (1) the district court improperly enhanced his sentence for possession of a firearm; (2) the district court failed to apply the "safety valve" provision of the Sentencing Guidelines; and (3) the district court erroneously applied a four-point sentence enhancement for Allen's leadership role in the offense. In early 2005, Allen moved to again "supplement" his motion with claims based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). On October 6, 2005, Allen moved to "amend" his motion to include a claim that his trial counsel provided ineffective assistance for failing to conduct a prompt investigation. Finally, on April 18, 2007, Allen moved to "amend" his motion to add "new" evidence (in the form of affidavits from two of his co-defendants) in support of his claim that the district court improperly enhanced his sentence for being a leader or organizer in the conspiracy.

4

The district court denied Allen's § 2255 motion in an opinion and order issued on February 4, 2008. Allen filed a notice of appeal and a motion to proceed on appeal *in forma pauperis*. The district court denied Allen's motion to proceed on appeal *in forma pauperis* and also denied Allen a COA. Allen has since filed similar motions with this court.

## II.

The issuance of a COA is jurisdictional prerequisite to Allen's appeal from the denial of his § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 537 U.S. at 338.

We conclude, for the reasons outlined in detail below, that Allen is not entitled to a COA on any of the issues raised in his § 2255 motion or in his motions to amend or supplement his § 2255 motion.

5

*Ineffective assistance of trial counsel during plea process*

Allen argues in his application for COA, as he did below, that his trial counsel "was ineffective during the plea process, because counsel failed to object to the government and the [district] Court participating in the plea negotiations and indeed coercing him to plead." Application at 5. More specifically, Allen argues that "[t]he plea transcripts clearly show that the Court and the Government convinced [him] into pleading guilty to Count 152 [investment of illegal drug profits], which crime [he] never committed," and that those same transcripts "demonstrate a violation of Rule 11 and that [his] counsel was deficient in failing to object." Id. at 7.

The district court rejected these arguments, concluding that Allen's trial counsel "did not perform deficiently at the change of plea hearing." ROA, Vol. 7, Doc. 684 at 10. In support of this conclusion, the district court noted that Allen's "claim that his attorney provided ineffective assistance in failing to object to the [alleged] coercion exerted by the government and the Court [wa]s precluded by the Tenth Circuit's determination [on direct appeal] that [Allen]'s plea was entered voluntarily and knowingly." Id.

Having reviewed Allen's application for COA and the record on appeal, we conclude that the district court's resolution of Allen's arguments is not reasonably subject to debate, nor are Allen's arguments adequate to deserve further proceedings.

6

*Ineffective assistance of trial counsel during sentencing*

Allen argues in his application for COA, as he did below, that his trial counsel was ineffective at the time of sentencing for failing (1) to object to the district court's drug quantity calculations, (2) to object to the district court's four-level enhancement for Allen's role as a leader or organizer in the conspiracy, and (3) "to argue that [Allen] should have received the safety valve because the gun enhancement was in error."  Application at 9.

The district court rejected each of these arguments.  With respect to Allen's assertion that his trial counsel erred in failing to object to the drug quantity findings, the district court noted that Allen "admitted to more than 5 kilos that were actually seized," "the probation office's estimate of 44 kilos was conservative given the government's evidence," Allen was allowed at the time of sentencing "to present an extensive argument concerning his objection to the drug quantity," and Allen "failed [in his § 2255 motion] to produce additional argument or evidence that his counsel should have presented that would have altered the Court's determination."  ROA, Vol. 7, Doc. 684 at 10-11.  With respect to Allen's assertion that his trial counsel should have objected to the enhancement for being a leader or organizer, the district court first noted that Allen "himself complained at sentencing concerning th[is] enhancement," and that, "[a]s a result, the issue was before the Court even though [his] counsel did not object to the four level increase."  Id. at 11.  The district court further noted

7

that Allen "identified ten (10) members of the conspiracy" "[a]t the change of plea hearing," and "[t]he government was ready to present extensive evidence supporting [Allen]'s role as an organizer or leader." Id. Lastly, the district court noted that "[n]othing presented by [Allen] in this § 2255 proceeding affect[ed] the Court's conclusion that he was an organizer or leader." Id. at 12. As for Allen's assertion that his trial counsel provided ineffective assistance in failing to argue that he was entitled to the safety valve provision of the Sentencing Guidelines, the district court concluded Allen's assertion was "meritless" because Allen was "ineligible" for the safety valve provision due to the fact that he was a leader or organizer of the conspiracy and because he possessed a firearm in connection with the offense. Id. (citing U.S.S.G. § 5C1.2(a)(2) and (4)).

After reviewing Allen's application for COA and the record on appeal, we are not persuaded "that reasonable jurists could debate whether (or, for that matter, agree that)" Allen's claims "should have been resolved in a different manner" by the district court or that these claims are "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks and citations omitted).

*Ineffective assistance of appellate counsel*

Allen argued below that his appellate counsel was ineffective for failing to raise on direct appeal the Rule 11 errors alleged by Allen in his § 2255 motion. The district court summarily rejected this argument, noting that it "ha[d]

8

considered and rejected [Allen]'s [Rule 11] claims on the merits." ROA, Vol. 7, Doc. 684 at 13. We conclude, after examining Allen's application for COA, that he has failed to establish his entitlement to a COA on this claim.

*Alleged sentencing errors*

In his February 13, 2004 motion to supplement his § 2255 motion, Allen alleged that the district court: (1) improperly enhanced his sentence for possession of a firearm; (2) failed to apply the "safety valve" provision of the Sentencing Guidelines; and (3) erroneously applied a four-point sentence enhancement for his role as a leader or organizer. The district court concluded that all of these claims were procedurally barred due to Allen's failure to raise them on direct appeal, and that Allen had failed to establish cause or prejudice to overcome this procedural bar. In addition, the district court rejected Allen's claim of actual innocence, noting that he presented "no new evidence in support of his claim." ROA, Vol. 7, Doc. 684 at 15. After reviewing Allen's application for COA and the record on appeal, we find no basis for granting Allen a COA on any of these claims.

*Motion to supplement to add <u>Booker/Blakely</u> claims*

The district court denied Allen's request to "supplement" his motion with claims based on the Supreme Court's decisions in <u>Booker</u> and <u>Blakely</u>. In doing so, the district court noted that both decisions "were issued after [Allen]'s conviction became final," and that this court "ha[d] refused to apply either

9

[decision] retroactively to cases on collateral review." ROA, Vol. 7, Doc. 684 at 4. We conclude that Allen has failed to establish his entitlement to a COA in order to challenge the district court's ruling.

*Motion to amend to add new ineffective assistance claim*

The district court also denied as untimely Allen's motion to amend his § 2255 motion to add a new claim that his trial counsel was ineffective for failing to conduct a prompt investigation of the circumstances of the case. We conclude, after reviewing the record on appeal, that reasonable jurists could not debate whether the district court's procedural ruling was correct. More specifically, Allen's motion was filed well beyond the one-year limitations period for filing § 2255 motions and the claim contained therein did not relate back to his original § 2255 motion. Thus, Allen is not entitled to a COA in order to challenge the district court's ruling.

*Motion to amend with "new" evidence*

Lastly, the district court rejected Allen's effort to amend his § 2255 motion to submit "new" evidence, in the form of affidavits from two of his co-defendants stating that he was not the leader or organizer of the conspiracy, in support of his claim that the district court erred in applying the leader/organizer enhancement. In doing so, the district court concluded that, "while the affidavits themselves [we]re 'new,' the 'new' information contained in the affidavits was available at the time [Allen] was sentenced following his plea of guilty," and that, "[a]s a

10

result, the information contained in the affidavits [wa]s not 'new'" for purposes of collateral review. We conclude that reasonable jurists would not find it debatable whether the district court was correct in its ruling, and thus Allen is not entitled to a COA on this issue.

The application for COA is DENIED and the matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge