FILED
United States Court of Appeals
Tenth Circuit

November 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff‑Appellee,

v.

MELDON ALLEN,

　　　　Defendant‑Appellant.

No. 11-5099
(D.C. No. 4:1-CR-00031-TCK-3)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Meldon Allen, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision to construe his

Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C.

§ 2255 motion and dismiss it for lack of jurisdiction. We deny a COA and

dismiss the matter.

Mr. Allen was convicted in 2002 of several drug trafficking crimes. This

court affirmed his convictions on appeal. In 2003, Mr. Allen filed a § 2255

---

[*]　　This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to vacate, set aside or correct his sentence. In 2008, the district court denied the § 2255 motion and this court denied Mr. Allen's request for a COA. Mr. Allen filed a petition for a writ of certiorari with the Supreme Court and that petition was denied.

In 2011, Mr. Allen filed a "motion to correct procedural default of Rule 32 pursuant to Rule 60(b)(6)." R. Doc. 716. The district court concluded that the motion constituted an attempt to file a second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). Mr. Allen now seeks a COA to appeal from that dismissal.

To obtain a COA, Mr. Allen must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A Rule 60(b) motion may be subject to the requirements for a second or successive § 2255 motion if it asserts, or reasserts, a claim of error in the movant's conviction or sentence. *See In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam). "In analyzing whether Rule 60(b) arguments require authorization under § 2255(h), the first step is to determine whether the motion asserts non-merits Rule 60(b) arguments (which this court has referred to as a 'true' 60(b) motion) or asserts merits-focused, second or successive claims." *Id*. at 1175.

In his COA application, Mr. Allen contends that the district court abused its discretion in construing his Rule 60(b) motion as an unauthorized second or successive § 2255 motion because his 60(b) motion raises a non-merits, procedural challenge to the district court's failure to make factual findings based on reliable information pertaining to a two-point firearm enhancement. Mr. Allen attached two affidavits to his 60(b) motion and asserted that the information contained in the affidavits supported his contention that there were no material facts adduced to support a U.S.S.G. § 2D1.1(b)(1) enhancement. *See* R. Doc. 716 at 2. Because Mr. Allen's 60(b) motion is making a merits-based challenge to the imposition of a sentencing enhancement, reasonable jurists could not debate the district court's conclusion that Mr. Allen's 60(b) motion "asserts or reasserts grounds for relief from his sentence, and does not assert claims challenging procedural rulings by this Court," R. Doc. 717 at 2.

Accordingly, we DENY a COA and DISMISS this matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-3-