FILED
United States Court of Appeals
Tenth Circuit

August 17, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-5045 |
| MELDON ALLEN, | (D.C. Nos. 4:03-CV-00473-TCK-FHM and 4:01-CR-00031-TCK-3) |
| Defendant-Appellant. | (N.D. Okla.) |

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.[**]

---

Defendant Meldon Allen entered a blind plea of guilty in 2002 to conspiring

to possess with intent to distribute in excess of five kilograms of cocaine in violation

of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B)(ii),(iii); maintaining a place where

controlled substances are stored and managed in violation of 21 U.S.C. § 856;

and investing illegal drug profits in violation of 21 U.S.C. § 854. Defendant

subsequently filed a motion to withdraw his guilty plea, asserting it was not knowing

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The matter is therefore ordered submitted without oral argument.

and voluntary because he pled in haste during trial. The district denied the motion following a hearing, and later sentenced Defendant to 252 months imprisonment. We affirmed on direct appeal:

> In this case, Defendant made a knowing and voluntary decision to plead guilty to three of the many charges for which he was indicted. Defendant was represented by competent counsel at the time he entered the plea and did not seek to withdraw his plea until probation issued a PSR establishing his likely sentence. The district court weighed the appropriate factors in considering Defendant's motion to withdraw his guilty plea and did not abuse its discretion in denying the motion.

United States v. Allen, 65 F. App'x 695, 698 (10th Cir. 2003) (unpublished).

Defendant, now appearing pro se, next filed a 28 U.S.C. § 2255 motion to set aside his sentence. In his motion and four "supplements" thereto, Defendant raised in excess of ten claims. Among these was a claim that his trial attorney was ineffective because he failed to object to a two-level sentencing enhancement based on Defendant's possession of a firearm during a drug trafficking offense. The district court denied Defendant's motion and further denied him a certificate of appealability (COA) pursuant to § 2253(c)(2). We too denied Defendant a COA and dismissed his appeal because Defendant failed to demonstrate that reasonable jurists could debate whether his § 2255 motion should have been resolved in a different manner or the issues it presented deserved additional consideration. United States v. Allen, 287 F. App'x 638, 641–42, 644 (10th Cir. 2008) (unpublished). As to Defendant claim that the district court improperly enhanced his sentence for possession of a firearm, we noted "[t]he district court concluded all of these claims

were procedurally barred due to [Defendant's] failure to raise them on direct appeal and that [Defendant] had failed to establish cause or prejudice [*i.e.*, ineffective assistance of counsel] to overcome this procedural bar." Id. at 643. "After reviewing [Defendant's] application for COA and the record on appeal, we [found] no basis for granting [Defendant] a COA on any of [his] claims." Id.

After the Supreme Court denied Defendant a writ of certiorari, he returned to the district court and filed a "motion to correct procedural default of Rule 32 pursuant to Rule 60(b)(6)." United States v. Allen, 441 F. App'x 617, 617 (10th Cir. 2011) (unpublished). The district court held the motion in reality constituted a second or successive unauthorized § 2255 motion and dismissed it for lack of jurisdiction. Because Defendant's motion raised a merits-based challenge to the imposition of the firearm sentencing enhancement, we too construed it as an attempt to file a second § 2255 motion:

> In analyzing whether Rule 60(b) arguments require authorization under § 2255(h), the first step is to determine whether the motion asserts non-merits Rule 60(b) arguments (which this court has referred to as a 'true' 60(b) motion) or asserts merits-focused, second or successive claims.

Id. at 617–18 (quoting In re Lindsey, 582 F.3d 1173, 1174–75 (10th Cir. 2009)). We then denied Defendant a COA and dismissed his appeal because "reasonable jurists could not debate the district court's conclusion." Id. at 618.

Having learned the distinction between Rule 60(b) merits- and non-merits-based arguments, Defendant then sought to challenge the firearm enhancement by

3

filing in the district court a "motion to correct procedural default of Rules 5(b) and 7(c) of the Rules Governing § 2255 Cases pursuant to Rule 60(b)(6)."[1]  This time, the district court construed Defendant's motion as arising under Rule 60(b) rather than § 2255, because it "assert[ed] a defect in the integrity of the federal habeas proceedings, as opposed to an error in the court's resolution of the merits of his claims."  United States v. Allen, 2012 WL 443361, at *1 (N.D. Okla. 2012) (unpublished) (internal quotations omitted) (citing Spitznas v. Boone, 464 F.3d 1213, 1224–25 (10th Cir. 2006)).  The court nonetheless summarily denied Defendant's motion because the claims it presented did "not rise to the level of [the] 'exceptional circumstances'" necessary to warrant Rule 60(b) relief.  Id. (quoting Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.") (internal quotations omitted)).  The court also denied Defendant a COA because he failed to "demonstrate 'that jurists of reason would find it debatable whether the [motion] state[d] a valid claim of the denial of a constitutional right and  . . . whether the

---

[1]  Rule 5(b) provides that where the district court directs the Government to answer a § 2255 motion, "[t]he answer must address the allegations in the motion. In addition it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." Meanwhile, Rule 7(c) states that where the record before the court on a § 2255 motions extends beyond those matters previously presented, "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."

district court was correct in its procedural ruling.'" Id. at *2 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Undeterred, Defendant filed a motion for reconsideration. The district court concluded that no basis existed for reconsidering its prior ruling and denied the motion. The court continued:

> The court also denies a certificate of appealability as to this ruling denying reconsideration of that ruling. Furthermore, Defendant is advised that any appeal from this ruling and the [prior] ruling . . . will be deemed frivolous and not taken in good faith. Therefore, Defendant will not be allowed to proceed *in forma pauperis* should he file a notice of appeal. See 28 U.S.C. § 1915(a)(3). He will be required to pay in full [the] $455.00 filing fee for any appeal from these rulings.

United States v. Allen, No. 01-CR-031-TCK, Order at 2 (N.D. Okla. Feb. 28, 2012) (unpublished).

Now before us are Defendant's motions for a COA and to proceed in forma pauperis (IFP) on appeal. Suffice to say we have thoroughly reviewed the record on appeal and Defendant's filing in support of his most recent claim of procedural defects in the district court's resolution of his § 2255 motion. We agree with the district court that reasonable jurists could not disagree with its decision to deny Defendant relief pursuant to Rule 60(b). Accordingly, once again we too DENY Defendant a COA and DISMISS his appeal. His motion to proceed IFP is DENIED as moot.

<div style="margin-left: 40%;">

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge

</div>

5