**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

MELDON ALLEN,

        Defendant-Appellant.

No. 13-5118
(D.C. No. 4:01-CR-00031-TCK-3)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **MATHESON**, Circuit Judges.

Defendant Meldon Allen applies for a certificate of appealability (COA) to
secure review of a district court order that dismissed a motion he filed, ostensibly for
relief under Fed. R. Civ. P. 60(b)(6), as an unauthorized second or successive motion
for relief under 28 U.S.C. § 2255. While our reasoning differs somewhat from the
district court, we deny a COA and dismiss the appeal.

Just a few facts from Mr. Meldon's procedural history are material to our
resolution of this matter. He was convicted of several drug-related offenses in 2003
and received a lengthy sentence enhanced in part for possession of a firearm in

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

connection with a drug conspiracy. In 2008 he filed a § 2255 motion challenging, among other things, the firearm enhancement. The district court denied the challenge as procedurally barred because it could have been raised at sentencing and on direct appeal, and we denied a COA to review that disposition. *See United States v. Allen*, 287 F. App'x 638, 640 (10th Cir. 2008). One aspect of the district court's disposition in that case will be particularly pertinent here: in rejecting Mr. Allen's effort to excuse his default by claiming counsel had been ineffective in failing to challenge the enhancement, the court relied on additional evidence for the enhancement that the government had been "prepared to present" but evidently had not offered at sentencing. *United States v. Allen*, 2008 WL 320155 at *7 (N.D. Okla. Feb. 4, 2008). Following some other unsuccessful attempts to attack his sentence, Mr. Allen filed the instant matter, framed as a Rule 60(b)(6) motion directed at the procedure followed by the district court in disposing of the firearm-enhancement challenge in his prior § 2255 proceeding.

The thrust of the motion, entitled "Motion to Correct Procedural Default of 18 U.S.C. 3282 Statute of Limitations Pursuant to Rule 60(b)(6)," R. Vol. 1 at 36, was not artfully conveyed. Section 3283 is the general federal criminal statute of limitations, prohibiting the prosecution of non-capital offenses "unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." The district court read the motion as "argu[ing] that the Court erred [in the original prosecution] by imposing a firearm enhancement because

such enhancement was 'time-barred' by 18 U.S.C. § 3282." R. Vol. 1 at 47. Based on this understanding, the district court concluded that the motion asserted "a merits-based challenge that must be construed as [an unauthorized] successive § 2255 motion [which] this Court lacks jurisdiction to hear." R. Vol. 1 at 47. That conclusion would certainly follow from the district court's reading of the motion: a nominal Rule 60(b) motion is properly treated as a second or successive § 2255 motion if it asserts or reasserts a claim of error directed at the movant's conviction or sentence. *See In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam). But there are allegations and arguments in the motion, echoed in all of Mr. Allen's subsequent materials, pointing to a very different reading, under which it would not properly be treated as a second or successive § 2255 motion.

Mr. Allen has consistently insisted that he is not challenging his conviction or sentence and, specifically, that he "is not asserting the firearm enhancement imposed by the Court at sentencing is time barred." R. Vol. 1 at 48; *see also id.* at 37; Aplt. Brief and Mot. for COA at 8. Rather, his objection about untimeliness appears to concern the district court's reliance on newly (in Allen's view, belatedly) offered evidence supporting the enhancement when it denied his first § 2255 motion:

> The information instituted in the judgment order the District Court used to base its decision on to deny the defendant's claim presented in his 2255 motion, pertaining to specific offense characteristics for the . . . Firearms Enhancement is time barred by the regulation prescribed by 18 U.S.C. 3282. The information instituted in the judgment order was instituted and charged against the defendant after the prescribed period by 18 U.S.C. 3282 had expired, some seven years after the defendant

- 3 -

had been detained and indicted, and six years after he had pled guilty and sentenced.

R. Vol. 1 at 37. The thrust of his objection is that the district court's reliance on this evidence—"information not instituted in the indictments," "not instituted in the plea agreement nor mentioned at the plea colloquy," and "not instituted nor charged against him before or at sentencing"—in his § 2255 proceeding was precluded by the five-year time bar in § 3282. *Id.* As further explained in his appellate brief, he objects that "[t]he delay deprived [him of] the right to a full and fair litigation as to his 2255 claim, as more than six years had elapsed after sentencing before the court decided to institute the [new] information . . . for the firearm enhancement against the defendant, violating 18 U.S.C. 3282, without giving [him] notice that the information would be used against him in the 2255 proceeding, as an alternative for the information the defendant was sentenced [upon] in 2002." Aplt. Brief and Mot. for COA at 9.

Under this construction, Mr. Allen's Rule 60(b) motion does not directly challenge the firearm enhancement. Nor does it address the merits of his underlying § 2255 claim challenging the enhancement—it does not assert that the claim should have been granted and his sentence corrected accordingly, but only that the record relied on by the district court for its extant disposition was augmented in violation of the time bar in § 3282. In short, under the construction outlined here, the motion "asserts a defect in the integrity of the [prior § 2255] proceedings" and thus was properly brought under Rule 60(b) free of the constraints on second or successive

motions. *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) (internal quotation marks omitted) (discussing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), and *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006)).

That is not the end of the matter, however. Just as we may in appropriate circumstances affirm a ruling for legal reasons the district court did not rely on, we may deny a COA for such reasons when they demonstrate, beyond debate among jurists of reason, that the appellant cannot prevail. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (applying principle where procedural bar not relied on by district court plainly precluded habeas relief as a matter of law). That is the case here. Mr. Allen's argument that the time bar in § 3282 precluded the district court from considering evidence offered by the government to defend the firearm enhancement in his § 2255 proceeding rests on two patent legal misconceptions. First, the "information" specified in § 3282 is a legal term of art referring to the *charging document* formalizing a prosecution; it is not a generic term referring loosely to any factual information or evidence that may be presented in support of a charged offense. Second, the time bar in § 3282 expressly limits only "prosecution" of "offenses"; it does not limit application of sentencing guideline enhancements. In short, even construed as a true Rule 60(b) motion, Mr. Allen's motion was legally groundless and undebatably subject to denial. That suffices to warrant the denial of a COA under *Davis*.

Accordingly, we deny a COA and dismiss the appeal. Mr. Allen's motion to proceed in forma pauperis on appeal is denied as moot.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk