**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VIROK D. WEBB,

     Defendant - Appellant.

No. 15-3202
(D.C. No. 5:11-CR-40078-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Virok D. Webb appeals the district court's denial of his motion to withdraw his

plea agreement. Exercising jurisdiction under 18 U.S.C. § 1291,[1] we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Government moved to dismiss this case for lack of jurisdiction under 18 U.S.C. § 3742(c), which states defendants who enter into Rule 11 plea agreements may challenge their sentence only in limited circumstances. Because any challenge Mr. Webb raised to his sentence has already been dismissed under the waiver provision in his plea agreement, we deny the Government's motion as moot.

## I. BACKGROUND

In 2011, Mr. Webb and several co-defendants were charged with (1) conspiracy to distribute crack cocaine and (2) conspiracy to distribute powder cocaine. Mr. Webb and one other co-defendant, Marcus Roberson, were also charged with (3) murder with intent to prevent the victim, Crystal Fisher, from telling law enforcement about the other charged crimes.

On March 7, 2014, Mr. Webb pled guilty to the first count—conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. On February 23, 2015, Mr. Webb moved the district court to withdraw his plea agreement, alleging the U.S. Attorney's Office failed to disclose information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). He argued the prosecution should have disclosed, before the plea agreement, information regarding Antonio Cooper, one of the witnesses the prosecution called in Mr. Roberson's trial and whom the Government intended to call in Mr. Webb's trial.

At Mr. Roberson's trial, Mr. Cooper testified (1) he provided the handgun Mr. Roberson used to murder Ms. Fisher, and (2) Mr. Webb participated with Mr. Roberson in both a conspiracy to distribute cocaine and the murder. As part of his defense, Mr. Roberson sought to show Mr. Cooper had committed the murder based on testimony from defense witnesses that (1) a gold SUV was at the scene of the crime shortly after the murder and (2) Mr. Cooper was stopped in his gold SUV not far away from the scene of the murder three hours after it happened.

After Mr. Roberson's trial, his counsel discovered Mr. Cooper had been a witness to a separate murder in 2001. The account of the 2001 murder is found in an appeal of a court martial:

> During the early morning hours of 21 January 2001, in the parking lot of a bar in Manhattan, Kansas, appellant [Private Jeremy Y. Ware] witnessed an altercation between a civilian, Anthony Mitchell, and a soldier, Private (PVT) Craig Newsome, and a group of PVT Newsome's friends. An acquaintance of appellant's, Antonio Cooper, was also in the parking lot observing the fight. Appellant looked on as PVT Newsome and his group of friends became aggressive and hostile and formed a "U-shape" around Mr. Mitchell. The tension of the situation increased when PVT Newsome hit Mr. Mitchell in the back with a board. Angered by the attack on Mr. Mitchell, appellant went to the trunk of his car and retrieved a loaded handgun. He tucked the gun inside his pants, pulled his shirt over it, and "walked over to where Antonio Cooper was standing." At this point, the fight started to break up and PVT Newsome's group had left the scene and were walking to their vehicles. But appellant was still angry so he removed his gun and handed it to Mr. Cooper "intending that [Cooper], himself, would resolve the situation by retaliating against the group because of their actions," or that Mr. Cooper would pass the weapon to Mr. Mitchell who could get even with PVT Newsome. When Mr. Cooper received the gun, he handed it to Mr. Mitchell who went after PVT Newsome's group as they tried to drive out of the parking lot. Mr. Mitchell then "fired off shots in retaliation for them attacking him."
>
> A bullet from one of the shots fired by Mr. Mitchell struck and killed a soldier who was a passenger in a car in which PVT Newsome was also a passenger. A round from another shot fired by Mr. Mitchell wounded the driver of that vehicle. Private Newsome was not injured.

*United States v. Ware*, 2005 WL 6524258, at *1 (Army Ct. Crim. App. Mar. 10, 2005) (unpublished).

Although this account states Mr. Ware handed the gun to Mr. Cooper, who then gave it to Mr. Mitchell, *id.* at *1, a related Kansas case does not mention Mr. Cooper, *see Mitchell v. State*, 111 P.3d 198, 2005 WL 1136872 (Kan. Ct. App. May 13, 2005) (per

curiam) (unpublished).  In the account of the murder in *Mitchell*, Mr. Ware gave the weapon directly to Mr. Mitchell.  *See id.* at \*1.

In his motion requesting withdrawal of his plea agreement, Mr. Webb argued this information could have been used to impeach Mr. Cooper because it showed Mr. Cooper was dishonest when interviewed by the police in the *Mitchell* case.  Mr. Webb also seemed to argue this was exculpatory evidence, showing Mr. Cooper was predisposed to commit murder.

The district court denied the motion to withdraw, concluding this information was not *Brady* material because it was (1) not in possession of the prosecution or (2) helpful to Mr. Webb's defense.  On August 27, 2015, the district court sentenced Mr. Webb to 360 months in prison, followed by ten years of supervisory release.

Mr. Webb appealed, contending:  (1) the district court erred in denying his motion to withdraw his guilty plea; (2) his counsel was ineffective in the negotiation of the plea; (3) the prosecution violated *Brady/Giglio* in failing to disclose the information about Mr. Cooper before the plea agreement; and (4) the district court erred in applying the sentencing Guidelines.

The Government moved to dismiss the first and fourth of these issues as barred by the waiver of appellate rights in his plea agreement.  We granted that motion.  We also dismissed the second issue because it should have been raised in a § 2255 motion rather than on direct appeal.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are

presumptively dismissible, and virtually all will be dismissed.").  We then ordered Mr.

Webb's counsel to brief the remaining (third) issue—prosecutorial misconduct relating to

the alleged *Brady/Giglio* violations.

On December 9, 2015, counsel filed a brief pursuant to *Anders v. California*, 386

U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel
> conscientiously examines a case and determines that any appeal would be
> wholly frivolous. Under *Anders,* counsel must submit a brief to the client
> and the appellate court indicating any potential appealable issues based on
> the record. The client may then choose to submit arguments to the court.
> The Court must then conduct a full examination of the record to determine
> whether defendant's claims are wholly frivolous. If the court concludes
> after such an examination that the appeal is frivolous, it may grant
> counsel's motion to withdraw and may dismiss the appeal.

*United States v. Kurtz*, No. 15-2140, 2016 WL 1212066, at *2 (10th Cir. Mar. 29, 2016)

(quotations omitted).

Mr. Webb filed a response to the *Anders* brief, contending his guilty plea was not

voluntary because the prosecution failed to disclose *Brady* material before the plea

agreement.

## II.  DISCUSSION

### A.  *Standard of Review*

"We review the district court's denial of the motion to withdraw the guilty plea for

an abuse of discretion."  *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000).

"Whether the government was required to disclose certain evidence under *Brady* is a

mixed question of law and fact which we review de novo."  *United States v. Fleming*, 19

F.3d 1325, 1330 (10th Cir. 1994). "When counsel submits an *Anders* brief, our review of the record is de novo." *Kurtz*, 2016 WL 1212066, at *2.

## B. *Legal Background*

### 1. **Motion to Withdraw**

Under Federal Rule of Criminal Procedure 11(d), "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden to show a "fair and just reason" for the withdrawal. *Siedlik*, 231 F.3d at 748. Motions to withdraw should be viewed with favor and defendants "should be given a great deal of latitude" when deciding to withdraw. *Id.* (quotations omitted). But district courts are given wide discretion in deciding to allow withdrawal:

> Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, still the decision thereon is within the sound discretion of the trial court. Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.

*Id.* (quotations omitted).

We consider the following factors in determining whether a district court abused its discretion in denying a motion to withdraw a plea agreement:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and

(7) whether the granting of the motion would cause a waste of judicial resources.

*Id.* at 749 (quotations omitted).

## 2. *Brady* **Material**

"To establish a *Brady* violation, the defendant must prove that the prosecution suppressed evidence, the evidence was favorable to the defense, and the evidence was material." *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009). "[T]he defendant must also show that the favorable evidence was in the possession or control of the government." *Id.* Further, "[t]here is no Brady violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source because in such cases there is really nothing for the government to disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) (quotations and alterations omitted).

In *United States v. Ruiz*, the Supreme Court held "the Constitution does not require the Government to disclose material *impeachment* evidence prior to entering a plea agreement with a criminal defendant." 536 U.S. 622, 633 (2002) (emphasis added). The Court did not address whether the government is required to provide *exculpatory* evidence known to it before a defendant enters a plea agreement, but other courts have suggested it must. *See McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003); *United States v. Persico*, 164 F.3d 796, 804-05 (2d Cir. 1999).

## C. *Analysis*

We agree with the district court that the prosecution did not possess the information about Mr. Cooper before the plea agreement. We therefore affirm the district court's denial of Mr. Webb's motion to withdraw based on *Brady/Giglio*, even if we assume the information was exculpatory.

The account of Mr. Cooper's involvement in the 2001 murder was contained in an appeal from the court martial of Mr. Ware. Nothing in the record indicates the prosecution, before Mr. Webb pled guilty, had possession of information or otherwise knew about the court martial case and therefore about any involvement Mr. Cooper may have had in it.

Mr. Webb did not raise any argument in district court that knowledge of the court martial could be imputed to the prosecution because the U.S. Army is part of the executive branch. Even if he had, the U.S. Attorney's Office is not required to disclose information it is unaware of and that is in the possession of a separate federal agency not involved in the prosecution or investigation of the present case. *See United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (explaining that Seventh Circuit progeny of *Brady* imposes no duty on the prosecution "to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue"); *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991) (explaining *Brady* requires disclosures by the "'prosecution team' which includes both investigative and prosecutorial personnel") (quoting *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979)); *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989) ("A prosecutor has

no duty to undertake a fishing expedition in other jurisdictions in an effort to find potentially impeaching evidence every time a criminal defendant makes a *Brady* request for information regarding a government witness.").

Having "conduct[ed] a full examination of the record," we do not detect any other possible bases for reversing the district court's order. *Kurtz*, 2016 WL 1212066, at *2 (quotations omitted). We conclude Mr. Webb's appeal is "wholly frivolous." *Id.* (quotations omitted). We therefore grant counsel's motion to withdraw and dismiss this appeal. As noted above, we also deny the Government's motion to dismiss as moot.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge