FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIROK D. WEBB,

    Defendant - Appellant.

No. 21-3091
(D.C. Nos. 5:11-CR-40078-JAR-1,
5:17-CV-04040-JAR-JPO &
2:19-CV-02491-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.
_____

Virok D. Webb appeals the district court's denial of leave to amend his

28 U.S.C. § 2255 motion.  The district court concluded that Webb's proposed claim

was untimely and that amendment was futile because he lacked standing to bring his

proposed claim.  We granted a certificate of appealability (COA) on the timeliness

and standing issues.  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(c),

we affirm the district court's judgment on alternative grounds.  Because we affirm on

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alternative grounds, we do not consider or address the district court's ruling that Webb lacks standing to bring his proposed Sixth Amendment claim. We affirm the district court's denial of leave to amend as futile because Webb's proposed Sixth Amendment claim is not cognizable in a federal habeas proceeding. This conclusion obviates any need to consider whether Webb's proposed claim was timely under § 2255(f)(4) or any question of standing.

I

Webb was charged in a three-count superseding indictment with conspiracy to distribute crack cocaine, conspiracy to distribute powder cocaine, and murder to prevent a person from providing information concerning a federal crime to a law enforcement officer. He pleaded guilty to the crack-conspiracy count, and the government dismissed the other conspiracy and murder counts. Webb later sought to withdraw his guilty plea, but the district court denied his request. On August 27, 2015, the district court entered a judgment of conviction and sentenced Webb to 360 months in prison followed by 10 years of supervised release. Webb appealed the denial of his motion to withdraw his guilty plea, and on June 2, 2016, we affirmed. *See United States v. Webb*, 651 F. App'x 740, 741 (10th Cir. 2016).

Webb's conviction became final 90 days later, on August 31, 2016, when the time for him to seek certiorari review expired. *See* S. Ct. R. 13.1; *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). He had one year from that date, until August 31, 2017, to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). On June 5,

2

2017, Webb timely filed a pro se § 2255 motion, claiming his trial and appellate counsel rendered ineffective assistance.

Meanwhile, in separate judicial proceedings ("the *Black* litigation"), the district court learned that the government had accessed recorded conversations between attorneys and their clients confined at the same prison where Webb was incarcerated. *See United States v. Carter*, 995 F.3d 1222, 1224 (10th Cir. 2021). The district court conducted an extensive investigation in the *Black* litigation and directed the government to produce all recordings in its possession. *See id.* The court also entered a standing order appointing the Federal Public Defender (FPD) to represent any defendant from the District of Kansas with an alleged Sixth Amendment violation stemming from government access to recordings of attorney-client conversations. *See* Standing Order No. 18-3 (D. Kan. July 17, 2018).

On July 9, 2019—more than two years after he filed his pro se § 2255 motion—Webb moved to amend his § 2255 motion to add a Sixth Amendment claim based on the government obtaining recordings of his calls with his attorney while at the prison. *See Shillinger v. Haworth*, 70 F.3d 1132, 1142 (10th Cir. 1995) ("[A]bsent a countervailing state interest," "a prosecutor's intentional intrusion into the attorney-client-relationship constitutes . . . a *per se* violation of the Sixth Amendment."). He was represented by the FPD, and his original § 2255 motion was still pending with the district court. After Webb renewed his motion to amend, the district court consolidated his case with numerous other § 2255 motions raising similar Sixth Amendment claims arising out of the government's access to the

recordings.  Aplt. Suppl. R. at 1488-89; *In re CCA Recordings 2255 Litig. v. United States*, No. 19-cv-2491-JAR-JPO (D. Kan. Aug. 21, 2019), ECF No. 1 at 3-4 (including Webb's case in the consolidated § 2255 proceedings).[1]

The district court denied Webb leave to amend.  The court concluded that his proposed Sixth Amendment claim was untimely because it was filed beyond the one-year deadline of § 2255(f)(1), and it did not relate back to his original filing date because it asserted a new Sixth Amendment claim that was separate from and unrelated to the ineffective-assistance-of-counsel claims presented in his initial motion, *see United States v. Roe*, 913 F.3d 1285, 1297 (10th Cir. 2019) (explaining that proposed amended claims may relate "back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes" (internal quotation marks omitted)).  The court also ruled that amendment would be futile because the Sixth Amendment claim was subject to dismissal for lack of standing.  The court reasoned that Webb already had been convicted and sentenced before the government obtained the recordings of his calls in May 2016, so he could not establish that his confinement was caused by the alleged

---

[1] The parties move to supplement the record on appeal with numerous public court filings from the *Black* litigation, the consolidated § 2255 proceedings, and other proceedings.  We construe the motions as requesting that we take judicial notice of the relevant material, and so construed, we grant the motions.  For ease of reference, we cite those documents as the parties have presented them to us in their respective supplemental appendices.

Sixth Amendment violation, characterizing its holding as a lack of standing.  The district court denied a COA, and Webb sought to appeal.[2]

Webb filed an application in this court for a COA, which we granted as to two issues:  whether the proposed amendment was timely under § 2255(f)(4),[3] and whether Webb would have standing to raise his proposed amended claim.[4]

Having now carefully considered the parties' arguments, the district court's decisions in both this case and in the *Black* litigation, as well as the relevant legal authorities, we find it unnecessary to address either of the two issues upon which this court granted a COA.  Instead, for the reasons stated below, we affirm the denial of Webb's motion to amend on the alternative ground that it would have been futile to allow him to amend because his proposed claim is not cognizable in a federal habeas proceeding.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011)

---

[2] The district court denied the balance of Webb's § 2255 motion; those issues are not before us.

[3] Under § 2255(f)(4), the one-year limitation period for filing a § 2255 motion runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[4] We also granted a COA to consider whether the proposed amendment was timely under § 2255(f)(2), which delays accrual of the one-year limitation period for filing a § 2255 motion until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."  In his reply brief, Webb abandons any argument under § 2255(f)(2), *see* Reply Br. at 8 n.2, so we do not consider any issue related to a government-imposed impediment to filing.

("[W]e may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal.").

## II

"Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with leave of court." *Roe*, 913 F.3d at 1296.[5]  However, "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his [motion]." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

Webb claims the government obtained the recordings of his calls on May 20, May 24, and May 25, 2016. *See* Aplt. Opening Br. at 5; *see also* Aplt. Suppl. R. at 52-57 (emails with links to call recordings).  A supplemental status report filed in the *Black* litigation confirms that "no [other] calls or derivative materials were located for Webb." Aplt. Suppl. R. at 1665.  And the FPD conceded that, after reviewing the relevant evidence, it could not establish that anyone had accessed the recordings before Webb was sentenced on August 27, 2015. *See id.* at 1283.  Under these circumstances, where the alleged Sixth Amendment violation is predicated on events that occurred *after* he was convicted and sentenced, Webb's claim is not cognizable in a federal habeas proceeding. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding petitioner's claim was not cognizable in a federal habeas proceeding

---

[5] Federal Rule of Civil Procedure 15 applies to § 2255 motions. *See Roe*, 913 F.3d at 1296 n.14.

because it did not focus on "the judgment which provides the basis for his incarceration" or "revolve [around] trial error but about matters that occurred subsequently"); *see also United States v. Dago*, 441 F.3d 1238, 1248-49 & n.5 (10th Cir. 2006) (holding claim based on delay in post-conviction proceedings did not warrant relief in federal habeas, which is "limited to examining the events that occurred in the proceedings leading up to the petitioner's conviction"); *Richie v. Sirmons*, 563 F. Supp. 2d 1250, 1298-99 (N.D. Okla. 2008) (holding claim alleging constitutional violation that occurred during petitioner's direct appeal was not cognizable in federal habeas proceedings because it challenged the constitutionality of the appellate court's decision, not "the judgment which provides the basis for his incarceration").  Webb had been convicted and sentenced by the time the alleged Sixth Amendment violation occurred.  As such, his proposed claim would not have been cognizable in a habeas proceeding, it would have been subject to dismissal, and thus amendment would have been futile.  Accordingly, we affirm the denial of Webb's motion to amend on this alternative ground, and we do not reach any other issues.

III

The district court's judgment is affirmed.  The parties' motions to supplement the record, which we construe as motions to take judicial notice, are granted.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge