**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIROK D. WEBB,

    Defendant - Appellant.

No. 25-3173
(D.C. No. 5:11-CR-40078-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

Virok Webb, a federal prisoner proceeding pro se,[1] appeals the district court's

order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Webb's pro se filings liberally, but we do not act as his advocate. _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## BACKGROUND

In 2014, Webb pleaded guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. In connection with his guilty plea, he entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C). The plea agreement proposed a term of imprisonment of not less than 20 years or more than 30 years, to be followed by a supervised release term of ten years. In exchange, the government agreed to dismiss a second drug conspiracy charge and a murder charge against Webb and to limit its 21 U.S.C. § 851(a)(1) information to one prior felony drug conviction.

At sentencing, the government argued for imprisonment of 30 years, while Webb sought a 20-year term. A presentence report (PSR) was prepared, which calculated Webb's total offense level for the drug offense at 39. But it recommended a higher base offense level of 43, relying on a cross-reference to U.S.S.G. § 2A1.1 for first-degree murder. The cross-reference was based on Webb's role in the murder of Crystal Fisher to prevent her from providing information about his drug crime to a United States law enforcement officer. *See* 18 U.S.C. § 1512(a)(1)(C). Given Webb's criminal history category of III, the PSR calculated his advisory Guideline range at 360 months to life. The district court accepted the plea agreement; overruled Webb's objections to the PSR, including his objection to the cross-reference to § 2A1.1; and sentenced him to a term of 360 months (30 years), to be followed by ten years of supervised release.

Webb appealed. We dismissed his appeal, finding his claims were barred or wholly frivolous. *United States v. Webb*, 651 F. App'x 740, 745 (10th Cir. 2016). He then filed a § 2255 motion. The district court denied the motion, along with his motion to amend to add a Sixth Amendment claim, and we affirmed. *United States v. Webb*, No. 21-3091, 2022 WL 11493541, at *3 (10th Cir. Oct. 20, 2022).

In 2024, Webb filed his first compassionate release motion. The district court denied the motion. He appealed, but we dismissed his appeal for failure to prosecute.

On June 23, 2025, Webb filed his current compassionate release motion. In denying the motion, the district court determined that Webb had not shown extraordinary or compelling circumstances that justified compassionate release. It rejected Webb's claim that if sentenced today, due to changes in the law under the First Step Act of 2018 (FSA), his mandatory minimum sentence would have been 15 years instead of 20 years, and that his advisory Guideline range would be calculated at 210 to 262 months. It explained that even if the FSA changed his statutory minimum, that would not have changed the court's sentence, which was based on a binding plea agreement for an imprisonment term between 20 and 30 years. In addition, Webb's revised guideline calculation based on drug quantity did not account for the court's cross-reference to the murder guideline. The court noted it had found this cross-reference appropriate at sentencing based on its finding that Fisher had been killed at Webb's direction because she was reporting his drug crimes to law enforcement. Finally, the court noted it had found the PSR's attribution of drug quantities to Webb, which was nearly fifteen times the amount

stipulated in the plea agreement, supported by a preponderance of the evidence. The district court concluded Webb had not received a higher sentence than would likely be imposed if he were sentenced today, and he was not serving an "unusually long sentence" as contemplated by the Sentencing Commission's policy statements.

The court also considered Webb's evidence of post-sentencing rehabilitation. It applauded those efforts, but determined that by itself, that factor could not establish an extraordinary and compelling reason for reducing his sentence.

The district court then ruled that even if Webb had been able to show extraordinary and compelling circumstances, the 18 U.S.C. § 3553 sentencing factors weighed against compassionate release.[2] The court summarized the evidence showing Webb was implicated in the brutal murder of Fisher, only hours after she was approached by law enforcement to act as a confidential informant and to provide information about Webb's drug trafficking organization. It heavily weighed this evidence, "in addition to the evidence of Webb's drug distribution activity, as illustrative of the serious and lethal nature and circumstances of the offenses in this case." R., vol. 1 at 446. The district court did not find that Webb's history and

---

[2] The § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

characteristics, in terms of his post-sentencing conduct, outweighed the nature and circumstances of the offense. Nor did his efforts at rehabilitation, albeit commendable, or any challenges posed by medical conditions, compel a finding that compassionate release was warranted. Finally, Webb's completion of programs while in prison and his strong work ethic did not assure the court that after serving less than half of his sentence, he was no longer a threat to the public.

## DISCUSSION

The compassionate release statute allows a court to reduce a sentence in "extraordinary and compelling" circumstances if such a reduction is consistent with the Sentencing Commission policy statements and the § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). Before granting a motion for compassionate release a district court must conduct a three-step test in which it addresses (1) "whether extraordinary and compelling reasons warrant a sentence reduction"; (2) whether a reduction is consistent with Sentencing Commission policy statements; and (3) whether, in the court's discretion, the applicable § 3553(a) factors warrant the reduction authorized by steps one and two. *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (internal quotation marks omitted). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 1043 (internal quotation marks omitted).

We review an "order denying relief on a § 3582(c)(1)(A) motion for an abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

Under this standard, we will reverse the district court's ruling if it relied on an "incorrect conclusion of law or clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (internal quotation marks omitted).

The district court's determination that the applicable § 3553(a) sentencing factors did not warrant compassionate release is dispositive here. The weighing of these factors is committed to the district court's discretion when it is ruling on a compassionate release motion, and we will not reverse based on that weighing "unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (internal quotation marks omitted). A court need not discuss every factor, nor must it mention every mitigating fact a defendant raises to support a compassionate release motion. *See id.* at 948. Rather, the court must set forth enough to satisfy us that it considered the parties' arguments and had a reasoned basis for its decision. *See id.* Because we do not require a specific discussion of the § 3553(a) factors to impose a Guidelines sentence, we do not require anything more detailed "to justify imposing or maintaining under either paragraph of § 3582(c) a sentence within the recommended range of the applicable guidelines." *Id.*

Webb has failed to show the district court abused its discretion in weighing the applicable § 3553(a) sentencing factors. He asserts the district court breached his plea agreement and violated due process by cross-referencing the murder guideline

6

and attributing more cocaine to him than he agreed to in the plea agreement.[3]  He argues that if sentenced today, his minimum sentence and guideline range would have been significantly lower.  But the district court carefully explained why the sentence Webb is serving, which was (1) within the range he agreed to in his 11(c)(1)(C) plea agreement, (2) warranted by the nature and circumstances of his offenses; (3) factually supported by the evidence; and (4) would not have been different had he been sentenced today, did not warrant compassionate release under the applicable § 3553(a) factors.  We discern no abuse of discretion in the district court's determination.

Webb further argues that he has completed all First Step Act programming and the BOP no longer considers him a risk.  But he fails to show the district court abused its discretion in determining that his post-sentencing record and rehabilitation, even if commendable, did not outweigh the circumstances of his offenses.

Finally, Webb remarks that the district court failed to consider as a § 3553(a) factor his sentencing disparity with his co-defendant Kennin Dewberry, who he states has already been released.  But he fails to explain the alleged disparity in light of Dewberry's specific sentencing factors such as conduct and criminal history, as

---

[3] To the extent Webb argues "that [his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," his proper remedy would be to seek authorization to file a second or successive motion under 28 U.S.C. § 2255 to raise that claim, because the district court could not grant the relief he seeks through compassionate release. *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (internal quotation marks omitted).

compared with Webb's. This argument is not adequately developed for our review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (this court need not consider inadequately briefed arguments).

## CONCLUSION

We affirm the district court's denial of Webb's motion for compassionate release.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge